## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | CIVIL ACTION |
| VERSUS | NO. |
| M/V "PREVAILER" OFFICIAL NO. 623729 *IN REM,* COSTA FAMILY LLC, AND ANDREW J. COSTA *IN PERSONAM* | SECTION |
| | MAG |

**ADMIRALTY JURISDICTION**

## COMPLAINT

**COMES NOW** JPMorgan Chase Bank, N.A., hereinafter referred to as the "Complainant," a banking association incorporated under the laws of the United States and licensed to do business in the State of Louisiana, appearing herein through undersigned counsel, who alleges:

### 1.

Complainant at all times hereinafter mentioned, was and is a banking association organized and incorporated under the laws of the United States and licensed to do business in the State of Louisiana.

**2.**

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1333(l) and the Ship Mortgage Act, 46 U.S.C. §§ 30101 and 31301-31343.  This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and also within the provisions of Supplemental Rule C of the Federal Rules of Civil Procedure.

**3.**

The vessel, M/V "Prevailer" Official No. 623729, is now within the Western District of Louisiana and within the jurisdiction of this Honorable Court and is hereinafter referred to as the "Vessel."

**4.**

Upon information and belief, Costa Family LLC "(Family)" is a limited liability company organized and domiciled in the Commonwealth of Massachusetts with its principal office at 32 Black Cat Road, Plymouth, MA 02360.  Andrew J. Costa ("Mr. Costa") is a person of the full age of majority and domiciled in the Commonwealth of Massachusetts at 32 Balck Cat Road, Plymouth, MA 02360.

**V.**

On October 31, 2007, the Vessel was owned by Family.

**VI.**

On October 31, 2007, Family, for good and valuable consideration, executed two negotiable promissory notes, the first in the amount of $652,635.00 ("Note 1") and the second in the amount of $150,000.00 ("Note 2"), each payable to the order of Complainant, who is the present holder in due course of the Promissory Notes.  Family is liable for all amounts due unto Complainant under the Promissory Notes.  Furthermore, on October 31, 2007, Defendant Mr. Costa did obligate himself, in solido, to pay the amounts due under the Promissory Notes by virtue of his execution of a Continuing Guaranty.

**VII.**

The terms of the Promissory Notes are set forth therein, and a copy of the Notes 1 and 2 are attached hereto and made a part hereof and is marked Note 1 "Exhibit A" and Note 2 "Exhibit B."  The Continuing Guaranty referred to herein is also attached hereto and marked "Exhibit C".

**VIII.**

On or about October 31, 2007, in order to secure the prompt and punctual payment of the Promissory Notes described above, Defendant Family (hereinafter sometimes referred to as "Mortgagor"), in accordance with the Ship Mortgage Act of 1920, as amended, executed and delivered to Complainant a First Preferred Ship Mortgage in the amount of $652,635.00 ("Mortgage 1") and a Second Preferred Ship Mortgage in the amount of $150,000.00 ("Mortgage 2"), both Mortgages covering the Vessel and by the terms of the Mortgages, assigned, pledged, mortgaged, set over and conveyed the Vessel, her engines, tackle, etc. to Complainant to secure

the payment of the Promissory Notes described above, and all other obligations of the preferred mortgages described in this paragraph. A photocopy of the Mortgages are attached hereto with Mortgage 1 identified as "Exhibit D" and Mortgage 2 identified as "Exhibit E" and both Mortgages are fully incorporated herein by reference.

## IX.

On or about October 31, 2007, and at all times since, the Vessel was, and has been, duly enrolled under the laws of the United States, authorized to engage in the coastwise and registry trades, with its home port at that time in this District.

## X.

Exhibit "D" described above as Mortgage 1, First Preferred Ship Mortgage, was duly and validly executed in accordance with the laws of the United States of America and was duly registered at the National Vessel Documentation Center at Batch 612445 Doc ID 8008258, on November 12, 2007. Exhibit "E" described above as Mortgage 2, Second Preferred Ship Mortgage, was duly and validly executed in accordance with the laws of the United States of America and was duly registered at the National Vessel Documentation Center at Batch 612445 Doc ID 8008259, on November 12, 2007. The Mortgages did not stipulate that the mortgagee waived its preferred status. All other requirements of the Ship Mortgage Act of 1920, as amended, were met or caused to be met, either by Complainant mortgagee or the Coast Guard Documentation Officer. The mortgage debt is a valid preferred ship mortgage lien, and mortgagee is entitled to the priority accorded it as a matter of law.

## XI.

By the terms and provisions of Mortgage 1, Mortgagor admitted that it was justly indebted to the Complainant in the sum of $652,635.00. Defendant Family has breached its agreement set forth in Note 1 described above and have refused and neglected to pay the indebtedness secured by Mortgage 1 described above in accordance with its terms. By the terms and provisions of Mortgage 2, Mortgagor admitted that it was justly indebted to the Complainant in the sum of $150,000.00. Defendant Family has breached it's agreement set forth in Note 2 described above and have refused and neglected to pay the indebtedness secured by Mortgage 2 described above in accordance with its terms.

## XII.

Defendant defaulted on the Promissory Notes in failing to pay the installment due on Note 1 on April 1, 2009 and on Note 2 on May 1, 2009 and continuing installments due thereafter on both Promissory Notes. Complainant has, and hereby does, accelerate all sums due under the Promissory Notes. There is presently due and owing under Note 1 the unpaid principal sum of $554,099.72, together with unpaid accrued interest in the amount of $15,251.19 calculated as of July 28, 2009, continuing default rate interest at the rate of 21% per annum from July 28, 2009 until paid, late charges in the amount of $1,500.00, reasonable attorney's fees and all costs. There is presently due and owing under Note 2 the unpaid principal sum of $139,246.34, together with unpaid accrued interest in the amount of $2,096.66 calculated as of July 28, 2009, continuing default rate interest at the rate of 18% per annum from July 28, 2009 until paid, late charges in the amount of $1,101.92, reasonable attorney's fees and all costs. Defendants are solidarily obligated for all amounts alleged to be due herein.

### XIII.

Note 1 provides for a 21% per annum default interest and Note 1 provides for an 18% per annum default interest rate.

### XIV.

Complainant has incurred and will incur reasonable attorney's fees, collection costs and expenses, and may be caused to make advances and sustain damages by reason of the defaults of the Defendants, all in amounts not presently ascertainable.

### XV.

Complainant seeks both in rem relief against the Defendant Vessel, as well as in personam relief against Defendants, Costa Family LLC and Andrew J. Costa, all in accordance with Section 31325 of Title 46, *United States Code,* and Supplemental Rule C, of the Federal Rules of Civil Procedure.

### XVII.

Complainant seeks the appointment of Seacraft Shipyard, L.L.C. as substitute custodian of the Vessel as authorized 46 U.S.C.A. §§ 31325. The Vessel at the present time is currently being stored at Seacraft Shipyard's facility at 3820 Lake Palourde Road, Amelia, Louisiana 70340, within the Western District. Complainant seeks the following Order of this Honorable Court appointing Seacraft Shipyard, L.L.C. as reciever and substitute custodian of the Vessel pending Marshal's Sale, authorized to protect and maintain the Vessel.

## XVIII.

It is contemplated that the United States Marshal will seize the Defendant Vessel forthwith.  Custody by the United States Marshal requires the services of one or more keepers alone and does not include charges for wharfage and other services usually associated with safekeeping vessels similar to this Vessel.  Seacraft Shipyard, L.L.C. agrees to assume the responsibility for safekeeping the Vessel and has consented to act as the substitute custodian upon the order of this Court, at an expense which is exceeded by the rate charged by the United States Marshal for said services.  In any case, the transfer of the Defendant Vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

## XIV.

Complainant has contracted adequate facilities and supervision for proper maintenance and safekeeping of the Vessel, their engines, tackle, appurtenances, furnishings, etc., at Seacraft Shipyard's facility at 3820 Lake Palourde Road, Amelia, Louisiana  70340.  Complainant has or will present proof of insurance to the United States Marshal sufficient to respond in damage to the Defendant Vessel, their engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults or negligence of said substitute custodian or its agents.  Furthermore, Seacraft Shipyard, L.L.C. has or will agree to hold harmless the United States Marshal and the United States of America in connection with the appointment of Seacraft Shipyard, L.L.C. as substitute custodian.

**WHEREFORE,** the complaint considered, Complainant prays as follows:

1. That process, in due form of law, according to the course and practice of this Honorable Court in the causes of admiralty and maritime jurisdiction, may issue against the M/V "Prevailer" Official No. 623729, its rigging, tackles, apparel, furniture, engines, bunkers and all other necessaries thereto appertaining and belonging, and that all persons claiming any interest in said Vessel be duly cited to appear and answer the matters aforesaid, and that Defendants, Costa Family LLC and Andrew J. Costa, be cited to appear and answer this verified Complaint; and that the Vessel may be condemned and sold to pay the demands and claims aforesaid, with interest and costs, and to pay any and all other amounts required to be paid to the Complainant under the Preferred Ship Mortgages, together with interest, costs and attorney's fees and that Complainant may have such other and further relief as in law and in justice it may be entitled to receive.

2. That the Preferred Ship Mortgages (Mortgages 1 and 2), be declared to be valid and subsisting liens in the full sums of (a) principal in the amount of $554,099.72, together with unpaid accrued interest in the amount of $15,251.19 calculated as of July 28, 2009, continuing default rate interest at the rate of 21% per annum from July 28, 2009 until paid, and late charges in the amount of $1,500.00, reasonable attorney's fees and all costs; and,

(b) principal in the amount of $139,246.34, together with unpaid accrued interest in the amount of $2,096.66 calculated as of July 28, 2009, continuing default rate interest at the rate of 18% per annum from July 28, 2009 until paid, and late charges in the amount of $1,101.92, reasonable

attorney's fees and all costs, plus all amounts which may have been or are required to be disbursed by Complainant for the care, insuring, preservation, storage and mooring of Defendant Vessel, and all other advances, expenses, attorney's fees, costs and disbursements by Complainant, such liens to be superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever.

      3. That judgment be had in favor of Complainant, JPMorgan Chase Bank, N.A., and against Defendant, M/V "Prevailer" Official No. 623729, *in rem*, and against Defendants, Costa Family LLC and Andrew J. Costa, *in personam and in solido*, in the amounts of (a) principal in the amount of $554,099.72, together with unpaid accrued interest in the amount of $15,251.19 calculated as of July 28, 2009, continuing default rate interest at the rate of 21% per annum from July 28, 2009 until paid, and late charges in the amount of $1,500.00, reasonable attorney's fees and all costs; and, (b) principal in the amount of $139,246.34, together with unpaid accrued interest in the amount of $2,096.66 calculated as of July 28, 2009, continuing default rate interest at the rate of 18% per annum from July 28, 2009 until paid, and late charges in the amount of $1,101.92, reasonable attorney's fees and all costs. plus all amounts which may have been or are required to be disbursed by Complainant for the care, insuring, preservation, storage and mooring of Defendant Vessel, and all other advances, expenses, attorney's fees, costs and disbursements by Complainant, such liens to be superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever.

      4. That this Honorable Court shall direct the manner in which actual notice of the commencement of this complaint shall be given by Complainant to the master, other ranking

officer or caretaker of said Vessel, and to any persons, firms or corporations having any interest therein.

     5.     That warrants of arrest and seizure be issued.

     6.     That Seacraft Shipyard, L.L.C. be appointed as substitute custodian of the Vessel pending Marshal's Sale, and that it be authorized to store and maintain the Vessel immediately after seizure by the Marshal within the Western District, at 3820 Lake Palourde Road, Amelia, Louisiana 70340, deemed to be safe by the substitute custodian for keeping pending the Marshal's Sale of the Vessel.

                                  NEWMAN, MATHIS, BRADY & SPEDALE
                                  A Professional Law Corporation
                                  212 Veterans Boulevard
                                  Metairie, Louisiana   70005
                                  Ph:  (504) 837-9040; Fax:  (504) 834-6452

                                  BY:   /s/ Robert A. Mathis
                                      ROBERT A. MATHIS (#9041)

**PLEASE SERVE:**

Costa Family LLC
through its Registered Agent (VIA LONG ARM SERVICE)
Mr. Andrew J. Costa
32 Black Cat Road
Plymouth, MA 02360

Mr. Andrew J. Costa (VIA LONG ARM SERVICE)
32 Black Cat Road
Plymouth, MA 02360